53 CCPA

**Application of Constante DOMENIGHETTI.**

**Patent Appeal No. 7554.**

United States Court of Customs and Patent Appeals.

March 10, 1966.

Alan K. Roberts, New York City, for appellant.

Clarence W. Moore, Washington, D. C. (L. F. Parker, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

SMITH, Judge.

■ This appeal presents rejected claim 26 for our consideration.[1] The issue is whether the invention defined by the appealed claim is obvious under the terms of 35 U.S.C. § 103. We find that the decision of the board must be affirmed.

An analysis of the invention is facilitated through the use of Figs. 1 and 2 of appellant's disclosure as originally filed.

FIG. 1

FIG. 2

According to the specification,

* * * the invention provides a method and related device to keep the frame of a road roller of the vibrating type, free from the vibrations as generated by the shaft of vibrating roll.

Said method is characterized in that a fluid cushion, preferably kept under an adjustable pressure, is interposed between the vibrating component of a machine, and the components thereof which are to be kept free from vibrations.

Referring to Figs. 1 and 2, "shaft" 1 provides an axis for a vibratable roller which is not shown. The "semi-toroidal case" 3, shown in two parts, is rigidly attached to the "frame" 4. Case 3 has a "toroidal groove" 3' which provides a

1. In application Ser. No. 760,102, filed Sept. 10, 1958. Four claims stand allowed.

seat for the "flexible hose" 8 which, in turn, enclosed a "pneumatic cushion" 2. In the disclosed embodiment where the shaft does not rotate, "annular disk" 5 is rigidly secured to shaft 1. The "pneumatic cushion" 2 is "secured" to the outer periphery of the disk and provided with a "valve" 7 for the adjustment of inside pressure.

As pointed out in appellant's brief:

The application is not directed to a pioneer invention, but is rather directed to an improved construction of a pneumatic support. The principal advantages of the invention include the ability to provide improved resistance to the axial as well as radial forces to which a freely vibratable roller is subjected.

From appellant's brief we learn that the "flexible hose" (8) encloses a "pneumatic cushion," (2) meaning air, and that the pneumatic cushion is not an "inner tube," similar to those utilized in some automobiles tires. Thus, in essence, what appellant is claiming to be patentable here is his use of a tubeless pneumatic member in an otherwise old combination of elements.

The embodiment shown operates as follows to prevent the transmission of vibrations from the shaft to the frame. Vibrations from vertical shaft displacements are damped upon transmission to the flexible hose containing air under pressure. Vibrations from horizontal shaft displacements, shown in Fig. 2 by arrows A and B, are also damped by the flexible hose in cooperation with the annular disk and the toroidal groove.

The appealed claim is as follows:

26. Apparatus comprising a freely vibratable roller, a shaft supporting said roller and adapted to vibrate therewith, two parallel annular discs in face to face relation supported in concentric relation on said shaft, said discs including peripheral flanges in facing relationship and defining a groove, a flexible toroidal pneumatic ring, said ring having annular edges in spaced relation, said annular edges being supported in the grooves defined by the peripheral flanges in sealing relation to define a fluid tight chamber in said ring, means detachably coupling said annular disc together, two rigid semicircular members cooperatively arranged to encircle said ring, lugs on said members, a frame, means adjustably connecting said lugs together and to said frame, each said member being provided with a concave seat conforming to the shape of the ring, said ring being supported in each said seat such that said semicircular portions prevent lateral movement of the ring while the ring damps substantially all vibration of said roller.

A reading of the claim indicates that the structure which appellant is asserting to be his invention may be regarded as a type of clamp

which squeezes the annular edges of the pneumatic ring into sealed relation and while doing so affords a very firm grip on the pneumatic ring to prevent failure due to axial forces.

The references relied on are as follows:

| | | |
|---|---|---|
| Kerridge | 2,671,386 | Mar. 9, 1954 |
| Stroud | 2,259,942 | Oct. 21, 1941 |
| Simmons | 2,000,196 | May 7, 1935 |
| Materout (French) | 1,101,776 | Oct. 11, 1955 |

The rejection of the examiner, affirmed by the board, is stated as follows:

Claim 26 is considered unpatentable over Kerridge in view of Stroud or Simmons and when further considering the state of the art as indicated by the French patent. * * *

The primary reference, Kerridge, shows the basis structure of appellant's claimed roller and discloses a solution to the same problem solved by appellant. Thus, Kerridge discloses a vibrating road roller analogous to appellant's invention and reduces the vibrations transmitted from the vibrating roller to the frame by inserting resilient blocks and flexible mounted bushings as part of the connecting means between the roller and the frame. As stated in appellant's brief:

> It can thus be readily seen that the contemplated damping of vibration of Kerridge is entirely different from that of the Appellant's invention.

Stroud, concerned with reduction of the vibrations transmitted from gyrating means to a frame, discloses a pneumatic support as the damping means. Fig. 3 from Stroud is herein reproduced:

FIG. 3.

Referring to the above figure, shaft 11 of the gyrating means supports a housing 15. According to Stroud, the housing 15

forms an inner seat for an annular pneumatic tube 12. The resiliency of the pneumatic tube may be controlled via valve 18, and vibrations of shaft 11 are damped before reaching frame 2.

Simmons discloses a pneumatic suspension for vehicles. Fig. 4 is reproduced below.

Referring to the above figure it is seen that a pneumatic cushion 5 surrounds axle 1 and damps vibrations transmitted to frame 13.

We think that Kerridge teaches a solution to the same problem as that with which applicant is concerned, differing only in the means through which damping of vibrations is accomplished. Stroud teaches vibrational damping means closely resembling appellant's means. Stroud shows two parallel annular disks in face to face relationship supported in concentric relation on the shaft. We note that this arrangement corresponds to appellant's rotatable shaft embodiment utilizing bearings. We think, contrary to appellant's analysis,

the annular disks in Stroud include peripheral flanges in facing relationship and defining a groove.

Appellant also argues that the center line of the frame in Stroud is offset from the axle of the shaft and that this offset would lead to serious damping problems in his device. While we accept this analysis, we note Simmons discloses a configuration with no offset, just as in appellant's construction.

Appellant also argues that his invention provides for damping the vibrations resulting from lateral shaft displacements. Simmons mentions this specific problem and both Simmons and Stroud, as appellant, disclose *some* lateral restriction of the resilient member. Appellant discloses in his specification that the toroidal groove 3′ is not intended to combat severe lateral displacements.

Finally, appellant argues that none of the references teach peripheral flanges in facing relationship and defining a groove which in cooperation with the flexible hose 8 define a fluid tight chamber. Stroud allegedly fails in this respect because he teaches an outer member and an inner tube. Absent the inner tube, Stroud does not teach an airtight chamber.

We think that we must take judicial notice of the well-known tubeless pneumatic members which, in cooperation with peripheral flanges, define a fluid tight chamber, the pressure of which may be regulated by a valve. We may not ignore the extensive public knowledge that tubeless tires existed long prior to the time appellant filed his application.

35 U.S.C. § 103 prohibits the granting of a patent on an invention where, considering the differences between the claimed subject matter and the prior art, the subject matter would have been obvious to one of ordinary skill in the art to which the invention pertains. Since we find the decision of the board to have been proper on this issue, we affirm.

Affirmed.